**Gregory Dean CLARK, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–335.**

Court of Criminal Appeals of Oklahoma.

Nov. 3, 1977.

R. Victor Kennemer, III, Wewoka, who did not represent the defendant at trial is commended for his excellent brief, for appellant.

Larry Derryberry, Atty. Gen., Ross N. Lillard, III, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

This is an appeal by Gregory Dean Clark, hereinafter referred to as defendant, from the District Court, Seminole County, Case No. CR–76–109, wherein he was convicted for the crime of Burglary in the Second Degree, in violation of 21 O.S.1971, § 1435. He was sentenced to a term of three (3) years' imprisonment.

Briefly stated, the facts are that Ms. Opal Patton drove an automobile belonging to her mother to the Village Inn, located at the intersection of I–40 and Highway 99, Seminole County, Oklahoma. Upon arriving at approximately 10:00 p. m. and parking her car in the lot, Ms. Patton placed her purse under the car seat and left her mother's wallet containing a driver's license and other identification in the glove compartment. She locked the vehicle, and went inside, where she remained until 11:00 p. m. visiting with Ms. Cindy Gideon and others. Returning at that time to her automobile she found the car unlocked. Her purse was missing and the glove compartment was open, and articles were strewn about the car. She asked the defendant, who was seated in a nearby car, which belonged to Ms. Gideon, and his companion who was standing outside, if they had seen anyone. They described two persons, and offered to assist Ms. Patton in searching for them. Suspicious because the defendant was sitting in Ms. Gideon's car, the witness returned to the restaurant and notified Ms. Gideon and Ms. Anita Buchanan, who accompanied her outside, where they discovered that Ms. Gideon's car had also been burglarized and ransacked. Ms. Patton saw the defendant and his companion walking north along Highway 99.

Ms. Patton called her father, and then joined Ms. Gideon at the scene where Deputy Sheriffs Watts and Lovelady were investigating a stolen car which had been abandoned a short time earlier by two suspects who had been seen leaving it. They told the officers of the burglaries and Ms. Patton gave a description of the suspects. Armed with the details of the two automobile burglaries and the description of the suspects provided by the witness, the officers conducted a search, and Officer Watts first detained the defendant and his companion, Michael Ray Evans. Deputy Lovelady testified that when he arrived he observed that the defendant was intoxicated. The suspects were then given their Miranda warnings and first admitted the burglaries, later denying them. In the presence of Officer Lovelady the defendant advised Officer Watts that he would lead Officer Watts to the purse. The defendant left with Officer Watts and the two later returned with the purse. Officer Watts did not appear as a witness. The driver's license belonging to Ms. Patton's mother was found on Evans.

Ms. Patton identified the items recovered, which included her purse, her watch, and her mother's billfold and driver's license. Thirty dollars which had been in her purse when she left the car was missing. She positively identified these items, as well as the defendant during the trial. She testified that she had not given anyone permission to enter her vehicle and to take the property therefrom.

Testimony on behalf of the defense was given by Michael Ray Evans, who pled the Fifth Amendment, but admitted being in possession of Ms. Patton's mother's driver's license. The defendant categorically denied the burglaries, and denied admitting that he had committed them. He denied that he had led Officer Watts to the purse, but stated that he accompanied Officer Watts to a place near where Officer Watts recovered Ms. Patton's purse.

As his first assignment of error the defendant argues that the evidence presented by the State was insufficient to support the verdict of the jury. This argument is premised upon the fact that no one observed the defendant break and enter the vehicle. Nor were there fingerprints or other physical evidence introduced into evidence connecting him with the entry. It is further argued that since Deputy Lovelady testified that the defendant was intoxicated, his admission or confession should not

have been admitted into evidence, in that he was unable to understand the Miranda warnings and effectively waive his rights thereunder. The defendant further argues that since he first admitted the burglary to Deputy Lovelady and then denied it, the denial neutralized the probative value of the admission, and therefore added nothing toward connecting the defendant with the burglary.

■ We disagree. The undisputed facts are that Ms. Patton's automobile was burglarized and her purse was taken therefrom. This clearly establishes that a burglary was committed. Ms. Patton testified that the defendant was near the scene of the burglary and positively identified him as the person sitting in Ms. Gideon's car. The defendant denied being at the scene. Deputy Lovelady testified that the defendant, although intoxicated, was given the Miranda warning, confessed to the burglary, and then later denied it after he had been arrested with Michael Ray Evans, upon whom items taken during the burglary were found. Deputy Lovelady further testified that the defendant offered to lead Deputy Watts to the place where he had discarded Ms. Patton's purse, and that they left and returned with the purse. The defendant categorically denied his guilt at the trial, and denied leading Deputy Watts to the purse, but stated that Deputy Watts found the purse in a ravine when the defendant was standing nearby. We believe that the evidence clearly establishes that the crime of burglary was committed, and that the circumstantial evidence and the defendant's admission or confession, first given and then later repudiated, presented ample evidence from which the jury could conclude that the defendant and Michael Ray Evans committed the offense. Although the evidence was conflicting, we follow the well-established rule that a mere conflict in the evidence is a matter for the determination of the jury. See *Sears v. State,* 79 Okl.Cr. 437, 156 P.2d 145 (1945). We find this assignment of error to be without merit.

■ The defendant's second assignment of error is that highly prejudicial testimony was elicited from the State's witnesses, and that although the objection to such evidence was sustained, the damage done to the defendant's character was fatal, and the court's subsequent admonishment to the jury was obviously ineffective. Under this assignment of error the defendant refers to two instances in which objections were made to the testimony of Deputy Lovelady, which objections were sustained by the trial court. The first objection was made to the following statement:

"A. Mr. Evans was laying [sic] up on the hood of the car and they had been drinking heavily, acted as if they were on marijuana or some kind of dope." (Tr. 59).

The second objection was interposed when Deputy Lovelady testified that upon searching the defendant he found a lid of marijuana. In his brief counsel for defendant argues:

"In support of Proposition II as above set out, the Appellant would cite to the Court *Wimberli v. State,* Okl.Cr., 536 P.2d 945 (1975), wherein this Court stated:

'. . . This Court has previously held that when a trial court admonishes the jury not to consider the remarks of counsel, or a witness, this admonishment *usually* cures an error unless it is of such a nature, after considering the evidence, that the error appears to determine the verdict. See, *Kitchens v. State,* Okl.Cr., 513 P.2d 1300 (1973) . . . .'

"Appellant argues that the nature of the predjudicial [sic] statements, coupled with the very sparse evidence presented by the State, as set out in Proposition I above, was fatal error and that the same caused the jury to find the defendant guilty."

Under the facts here presented we are of the opinion that the evidence of the guilt of the defendant was not so sparse as the defendant argues, and that the verdict of the jury was not determined by the statements to which the trial court sustained the objections. We find this assignment of error to be without merit.

The defendant lastly contends that the testimony referred to under his second assignment of error constituted evidence of other crimes, and that although the jury was admonished to disregard it, this testimony when considered with the testimony concerning the burglary of Ms. Gideon's car, and the reference to the abandoned stolen car, had the cumulative effect of denying the defendant a fair and impartial trial. As we have previously stated in considering the defendant's second assignment of error, that testimony was stricken and the jury properly admonished to disregard it, and the errors were cured by the admonitions of the trial court. The reference to the burglary of Ms. Gideon's car was not objected to and was not preserved for review on appeal. However, an objection was overruled and a damaged part from Ms. Gideon's car was admitted properly as an exception to the general rule, since the burglaries of the two vehicles occurred in a short frame of time and were apparently part of a common scheme, plan or design embracing the commission of two or more offenses so closely related that proof of one tended to establish the proof of the other. See, *Post v. State*, Okl.Cr., 563 P.2d 1193 (1977).

The testimony referring to the abandoned stolen car was also admitted without objection, and therefore is not properly preserved for review on appeal. Finding this assignment of error to be without merit, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby *AFFIRMED.*

CORNISH and BRETT, JJ., concur.